Rapallo, J.
(dissenting). We think the judgment in this case should be affirmed on the ground that Griffin, Willets & Co. were intrusted with the possession of the barley, and the advance was made by the defendants upon the faith of such possession. The barley was consigned to Griffin, Willets & Co., and was on board the vessel when the agreement for the advance was made between Griffin, Willets & Co. and the defendants. Before any money was advanced under the agreement the vessel was, by direction of Griffin, Willets & Co., towed to the defendants’ warehouse in Brooklyn for the purpose of delivering the barley to the defendants and storing *84 it in their warehouse. The captain of the vessel obeyed the instructions of Griffin, Willets & Co. in respect to the delivery of the barley. He arrived with it at defendants’ warehouse at about ten o’clock a. m. ; reported to the defendants his arrival and what he had come over for; commenced unloading at one o’clock p. m., and finished the same afternoon. The money was advanced at about noon of the same day, while the boat containing the barley was lying at defendants’ warehouse, and, on Griffin’s statement that he had determined to put the barley in defendants’ store, and that they were going to commence or had commenced taking it in store. This was actually done, and the facts show that Griffin, Willets & Co. had and exercised complete dominion over the property at the time they obtained the advances, and there was no indication of any restriction upon their power to dispose of it. When the captain of the vessel, in pursuance of the arrangements previously made between Griffin and Woodruff, brought the barley to the defendants’ warehouse and reported himself ready to deliver it, the defendants were authorized to assume that Griffin, Willets & Co. had possession of the barley, and to advance on the faith of such possession.
An attempt was made to show that the consignees were not authorized to remove the barley from the boat except for delivery upon a sale. The warehouseman who shipped the barley testified that he told the captain to “ hold it until sold.” It does not appear, however, that this direction emanated from the owners of the barley or that any notice of it was given to the consignees. As the evidence of this direction was admitted only on condition that it be connected with Griffin, Willets & Co.’s, and no such connection was shown, it may be regarded as out of the case. Furthermore, by the written instrument claimed to be a bill of lading, the property was to be delivered to Griffin & Willets, 10 South street; the captain to hold the load five days without charge, and after five days to hold it at one dollar and fifty cents per day until *85 the consignees removed the load. This clearly gave the right of possession to the consignees.
The fact that there was other grain on board the same vessel does not, in my judgment-, affect the case. The inquiry is, whether the consignees were intrusted with such a possession and apparent right of control over the barley in question as authorized the defendants, under the provisions of the factors’ act (4 Stat. at Large, 461, § 3), to deal with them as owners. The term “ possession,” as used in that act, means such dominion over the merchandise as enables the factor rightfully to take possession of it without any new authority or document furnished by the owners. (Pegram v. Carson, 10 Bosw., 505.) That Griffin, Willets & Co. had such dominion, appears by the evidence too clearly to admit of question. Although the actual possession, in the literal sense of the term, was in the captain of the boat, yet he held it merely as bailee of the consignees. He recognized their right of dominion, and his possession was, in contemplation of law, theirs.
The judgment should be affirmed, with costs.
All concur with Allen, J., except Rapallo and Andrews, JJ., dissenting.
Judgment reversed.